IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 25-281 |
| JAMES TINSLEY | |

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Barbara K. Doolittle, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

**I. THE INDICTMENT**

A federal grand jury returned a five-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Hobbs Act Robbery<br><br>On or about September 20, 2025 | 18 U.S.C. § 1951 |
| 2 | Using, carrying, and brandishing a firearm during and in relation to a crime of violence<br><br>On or about September 20, 2025 | 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) |
| 3 | Hobbs Act Robbery<br><br>On or about October 1, 2025 | 18 U.S.C. § 1951 |

| 4 | Using, carrying, and brandishing a firearm during and in relation to a crime of violence | 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) |
|---|---|---|
|   | On or about October 1, 2025 |   |
| 5 | Felon in possession of a firearm and ammunition | 18 U.S.C. § 922(g)(1) |
|   | On or about October 1, 2025 |   |

**FILED**
NOV 12 2025
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts One and Three:

In order for the crime of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant took the property described in Count One and/or Three of the Indictment;

2. That the defendant did so knowingly and willfully by robbery; and

3. That as a result of the defendant's actions, interstate commerce was obstructed, delayed, or affected.

### B. As to Counts Two and Four:

In order for the crime of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant committed the crime of Hobbs Act Robbery, charged at Count One and/or Three of the Indictment;

2.  That the defendant used or carried a firearm during and in relation to that crime; and

3.  That the firearm was brandished during the course of the crime charged in Count One and/or Three of the Indictment.

**C.   As to Count Five:**

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove the following essential elements beyond a reasonable doubt:

1.  That the defendant knowingly possessed a firearm and/or ammunition described in Count Five of the Indictment;

2.  That, as of the date the defendant possessed the firearm and/or ammunition, he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.  That, as of the date the defendant possessed the firearm and/or ammunition, the defendant knew he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.  The defendant's possession was in or affecting interstate or foreign commerce.

### III. PENALTIES

**A.   As to Counts One and Three: Hobbs Act Robbery (18 U.S.C. § 1951):**

1.  A term of imprisonment of not more than 20 years.

2.  A fine not more than the greater of:

    (a)   $250,000.00;

<u>or</u>

(b)  an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3. A term of supervised release of not more than three (3) years.

4. Any or all of the above.

**B. As to Counts Two and Four: Using, carrying, and brandishing a firearm during and in relation to a crime of violence (18 U.S.C. §§ 924(c)(1)(A)(i) and (ii)):**

1. A term of imprisonment of not less than 7 years nor more than life imprisonment for a violation of § 924(c)(1)(A)(ii), and a term of imprisonment of not less than 5 years nor more than life for a violation of § 924(c)(1)(A)(i). Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than five (5) years.

**C. As to Count Five: possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of up to 15 years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of up to $250,000.

3. A term of supervised release of up to three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One and Three together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*s/Barbara K. Doolittle*
BARBARA K. DOOLITTLE
Assistant U.S. Attorney
PA ID No. 204338